UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
─────────────────────────────────

BOUARFA ABZERAZZAK,

        Petitioner,

  v.                                                                          21-CV-06443-FPG
                                                                                       DECISION AND ORDER
THOMAS E. FEELEY, *in his official
capacity as Field Office Director, Buffalo
Field Office, U.S. Immigration & Customs
Enforcement*, et al.,

        Respondents.
─────────────────────────────────

## INTRODUCTION

Petitioner Bouarfa Abzerazzak filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention at the Buffalo Federal Detention Facility. ECF No. 1.  In his petition, Petitioner requests that the Court grant the following relief: (1) assume jurisdiction over this matter; (2) grant Petitioner a writ of habeas corpus directing the Respondents to immediately release Petitioner from custody; (3) enter preliminary and permanent injunctive relief enjoining respondents from further unlawful detention of Petitioner; (4) order Respondents to provide a date when the Petitioner will be either released or deported; and (5) review this matter until Petitioner is released or deported.  ECF No. 1 at 19.

On August 2, 2021, Respondents moved to dismiss the petition, arguing that Petitioner's release from custody under an Order of Supervision renders the case moot.  ECF No. 3.  On September 27, 2021, Petitioner, now represented by counsel, filed a response to Respondent's motion, arguing that his petition is not moot as he is still subject to unconstitutional restraints on his liberty which are not permissibly related to the Immigration Authority's legitimate

1

governmental interests. ECF No. 9 at 2. Furthermore, he argues that the petition falls within an exception to the mootness doctrine "because the unlawful conduct is capable of repetition yet being apt to evade review," and "the case discloses a continuing and imminent risk of future, identical unconstitutional deprivation of liberty which is sufficiently ripe to both allow for and warrant this Court's intervention." *Id.*

Simultaneous to his response to Respondent's motion, Petitioner filed a motion for interrogatories and/or discovery. ECF No. 10. Petitioner argues that that motion should be resolved prior to Respondent's motion to dismiss "[b]ecause the Petitioner believes [R]espondent's answers to the extremely limited discovery requested will have a direct bearing on the issue of whether the petition is moot." ECF No. 9 at 2. On December 1, 2021, Respondent filed a memorandum in support of its motion to dismiss and in opposition to Petitioner's discovery motion. ECF No. 15.

For the reasons set forth below, Respondent's motion to dismiss the petition, ECF No. 3, is GRANTED, and Petitioner's motion for discovery, ECF No. 10, is DENIED.

## DISCUSSION

### I. Motion to Dismiss

Under 28 U.S.C. § 2241, federal courts have jurisdiction to grant writs as to aliens who are "in custody under or by color of the authority of the United States." *Jangmo v. Barr*, 20-CV-256 (JLS), 2020 WL 1891762, at *1 (W.D.N.Y. April 16, 2020) (quoting 28 U.S.C. § 2241). "When a habeas petitioner has been released from custody after filing a petition, the petition may be moot, and the relevant inquiry becomes whether the case still presents a case or controversy under Article III, § 2 of the U.S. Constitution." *Denis v. DHS/ICE of Buffalo, New York*, 634 F. Supp. 2d 338, 340 (W.D.N.Y. 2009) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "[A] case is moot when

the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Harvey v. Holder*, 63 F. Supp. 3d 318, 320 (W.D.N.Y. 2014) ( internal quotation marks omitted).  As a general matter, "district courts in this Circuit to have considered the issue have found that where an alien challenging his detention under 28 U.S.C. § 2241 is released during the pendency of his Petition under an order of supervision, the Petition is rendered moot." *Jangmo*, 2020 WL 1891762, at *2; *see also Sokolov v. Holder*, No. 13 Civ. 0947 (PAE), 2013 WL 12377011, at *2 (S.D.N.Y. Aug. 13, 2013) ("Courts in this Circuit have held that a petitioner's release from custody generally moots  a habeas petition challenging that custody.").

Here, Petitioner argues that the petition is not moot because he continues to suffer restrictions on his freedom contained in the Order of Supervision which constitute an actual injury.  ECF No. 9 at 5.  Specially, Petitioner highlights the following supervision conditions, which he asserts "constitute continuing – and indefinite – intrusions on his basic liberties": he cannot change jobs without ICE permission; he cannot leave the state without ICE permission; he must report in person whenever ICE requests he do so; he must wear an ankle monitor at all times of the day and night; and "he is subject to whatever additional terms are imposed upon him – which can be changed at any time – under the Alternatives to Detention Program." *Id.*

In response, Respondent argues, *inter alia*, that the conditions set forth in the Order of Supervision do not stem from the challenged detention that was the subject of the instant petition.  ECF No. 15 at 7.  Rather, "such conditions inexorably flow as a *direct consequence* of [Petitioner's] unchallenged final order of removal." *Id.* (emphasis in original).  Further, Respondent notes that "where, as here, Petitioner is subject to a final order of removal, the imposition of an Order of Supervision is required by statute." *Id.*

The relief sought by Petitioner over which this Court had jurisdiction related to his request to be released from custody and his claims of constitutional violations with respect to his custody. "The petition became moot upon Petitioner's release from detention." *Ojo v. Wolf*, 6:20-CV-06296 EAW, 2021 WL 795320, at *2 (W.D.N.Y. March 2, 2021). Petitioner argues that the Petition must be construed to raise the strongest arguments possible since it was filed while he was *pro se*. ECF No. 9 at 4. However even liberally construing the Petition, the relief sought by Petitioner was immediate release from custody. ECF No. 1 at 19. Petitioner has obtained that relief and the Petition is therefore moot. Furthermore, Petitioner may not raise new claims for relief or amend his Petition in his briefing. *See Jennings v. Hunt Cos., Inc.*, 367 F.Supp.3d 66, .71 (S.D.N.Y. 2019).

For all the reasons set forth above, Respondent's motion to dismiss the Petition is GRANTED and the Petition is DISMISSED AS MOOT. Petitioner is granted leave to amend his Petition as requested in his briefing, ECF No. 9 at 5, and has 30 days from the date of this Decision & Order to file an amended petition.

**II.     Motion for Discovery**

Finally, the Court turns to Petitioner's motion for discovery. "In immigration habeas proceedings under § 2241, a petitioner is not entitled to discovery as a matter of course, . . . unlike the discovery available in most civil litigation." *Toolasprashad v. Tryon*, No. 12-CV-734, 2013 WL 1560176, at *2 (W.D.N.Y. April 11, 2013). "[A]bsent a showing of good cause, the decision whether to allow such discovery is left to the discretion of this Court." *Id.*

Under the analysis above, Petitioner is not entitled to any additional relief as his claim is moot. Therefore, the Court finds good cause does not exist to permit such discovery. *See id* at *3; see also Y.T.T. v. Warden, Irwin Cnty. Detention Ctr.*, No. 20-CV-127, 2021 WL 5467051, at *2

(M.D. Ga. Mar. 1, 2021). However, the Court will permit Petitioner to renew his Motion for Discovery, and incorporate briefing by reference, to the extent that his discovery request is applicable to an amended petition.

## CONCLUSION

Respondents' Motion to Dismiss, ECF No. 3, is GRANTED, and the Petition, ECF No. 1, is DISMISSED AS MOOT. Petitioner's Motion for Discovery, ECF No. 10 is DENIED. Petitioner has 30 days from the date of this Decision & Order to file an amended petition. In the event Petitioner does not file an amended petition by that 30-day deadline, the Clerk of Court is directed to close this case without further order from the Court.

IT IS SO ORDERED.

Dated: January 18, 2022
     Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York